IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 05-0719 RB |
| ) | |
| CREGG BILLIPS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's (Billips') Motion for Bill of Particulars, filed on September 22, 2005. The Government filed a response in opposition to this motion. The Court received oral argument on this motion on October 13, 2005. Having considered the record, arguments of counsel and being otherwise fully advised, I find that this motion should be granted in part and denied in part.

Billips is charged by superseding indictment, filed on August 18, 2005, with (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine from February 1, 2002 to August 1, 2003; (2) possession with intent to distribute 50 grams and more of methamphetamine and aiding and abetting on July 30, 2003; and (3) possession with intent to distribute less than 50 grams of methamphetamine and aiding and abetting on July 30, 2003. Billips was originally charged with the same three counts, but only for conduct that occurred on July 30, 2003.

Rule 7(f) of the Federal Rules of Criminal Procedure states that a court may issue a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to

enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). *See also United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992). A bill of particulars is not a discovery device. *United States v. Dunn*, 841 F.2d at 1029. The defendant is not entitled to know all the evidence the government will use against him at trial, but only the theory of the government's case. *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992). The decision to issue a bill of particulars falls within the discretion of the trial court. *United States v. Kunzman*, 54 F.3d 1522 (10th Cir. 1995).

Assistant United States Attorney Renee Camacho stated that the proof regarding the conspiracy during the eighteen month period would consist of the testimony of two or three cooperating witnesses. One of those witnesses will testify that he supplied Billips with methamphetamine for resale to Billips during the eighteen month period and that Billips paid for the methamphetamine after Billips resold it. The other witness will testify that Billips supplied her with methamphetamine during the eighteen month period. A potential cooperating witness will testify that Billips supplied him with methamphetamine. Ms. Camacho has provided all law enforcement reports and some statements from the cooperating witnesses.

Defense counsel, Bernadette Sedillo, stated that she is unable to prepare a defense to the conspiracy charge covering the eighteen month period without more specific information about dates and amounts. Ms. Camacho replied that she is unable to disclose the exact information because she is not certain as to the witnesses' recollection of events.

The superseding indictment significantly expanded the time-frame of the conspiracy. If the witnesses will testify as to specific transactions, information concerning dates and amounts should be provided to Billips so that he can prepare a defense. If the cooperating witnesses will testify as to specific transactions, the government must reveal the information concerning dates and amounts.

If the cooperating witnesses will not testify as to specific transactions, the government must so state. The government is ordered to disclose such information to defense counsel in the form of a letter on or before October 20, 2005. The motion is otherwise denied.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**